**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40160

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCHSA R. FRANKLIN,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(1:96-CR-63-1)

August 18, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

A federal grand jury charged Franchsa R. Franklin with one count of stealing firearms from a licensed firearms facility in violation of 18 U.S.C. § 922(u) and one count of selling and

_____

[*]    Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

disposing of stolen firearms in violation of 18 U.S.C. § 922(j). Franklin plead guilty to the second count. The district court sentenced Franklin to an eighty-month term of imprisonment, a three-year term of supervised release, and restitution of $1,423.48.

On appeal, Franklin alleges that the district court erred by (1) determining that his base offense level should be 20 because he had a prior conviction for a "controlled substance offense" under § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines ("the Guidelines") and (2) increasing his offense level by four levels under § 2K2.1(B)(5) of the Guidelines for possession of a firearm in connection with another felony offense. We agree with Franklin on the first issue, and reverse his sentence in part and remand for resentencing.

I

We review a sentencing court's factual findings for clear error and its application of the United States Sentencing Guidelines *de novo*. *United States v. Dean*, 59 F.3d 1479, 1494 (5th Cir. 1995), *cert. denied*, __ U.S. __, 116 S. Ct. 794, 133 L. Ed. 2d 742 (1996). We must uphold a sentence unless it was imposed in violation of law, resulted from an incorrect application of the Guidelines, or departed unreasonably from the applicable sentence range. *United States v. Manges*, 110 F.3d 1162, 1178 (5th Cir. 1997).

A

Franklin contends that he had a prior state conviction for delivery of a simulated controlled substance and that this conviction was not for a "controlled substance offense" for purposes of § 2K2.1(a)(4)(A). Thus, he claims that the district court erred in setting his base offense level at 20.

Section 2K2.1(a)(4)(A) provides for an offense level of 20 if the defendant has "one prior felony conviction of either a crime of violence or a controlled substance offense . . . ." Citing this section, the probation officer recommended that the district court should assess a base offense level of 20 because Franklin had a prior state felony conviction for delivery of a simulated controlled substance. Franklin objected, contending that a simulated controlled substance offense did not trigger the § 2K2.1(a)(4)(A) enhancement and, besides, this offense had been reduced to a misdemeanor. In response, the probation officer maintained that the Guidelines provide that offenses involving "counterfeit controlled substances" are controlled substance offenses, and a "simulated controlled substance" is the same thing as a "counterfeit controlled substance."

At the sentencing hearing, the district court examined the state court judgment of conviction. Based on this document, the court found that Franklin's state conviction was for a felony rather than a misdemeanor, and that he had been convicted of delivery of a controlled substance, not a simulated controlled

-3-

substance. Therefore, the district court determined that it would give Franklin a base offense level of 20 under § 2K2.1(a)(4)(A).

After Franklin was sentenced, the government investigated the conflict between the state court judgment and the probation officer's assertions about the nature of Franklin's prior conviction. The government then determined that the state court judgment was incorrect))Franklin had only been convicted of delivery of a simulated controlled substance, not a controlled substance. The government then supposedly arranged for the state court judgment to be corrected *nunc pro tunc* to reflect Franklin's actual conviction. Hence, the government concedes that the district court based Franklin's sentence in part on erroneous information. In addition, the government admits that a "simulated controlled substance" is not a "counterfeit controlled substance" under the Guidelines, and thus Franklin should not have received the § 2K2.1(a)(4)(A) enhancement.

While the government did not provide us with a copy of the corrected state court judgment, we will accept for purposes of this appeal the government's concession that Franklin was convicted of delivery of a simulated controlled substance. Given that concession, then, we agree with the government that a "simulated controlled substance" is not a "controlled substance" for purposes of § 2K2.1(a)(4)(A). Under Texas law, a "simulated controlled substance" means a "substance that is purported to be a controlled

-4-

substance, but is chemically different from the controlled substance it is purported to be." Tex. Health & Safety Code Ann. § 482.001(4). We also note that a "simulated controlled substance" is not a "counterfeit substance" under the Guidelines. 21 U.S.C. § 802(7) defines "counterfeit substance" as a controlled substance that has been mislabeled. Conversely, under Texas law, "simulated controlled substance" means only a purported controlled substance.

Because the government concedes that the district court relied on an incorrect state court judgment in sentencing, one that resulted in a longer sentence for Franklin, we vacate Franklin's sentence and remand to the district court for resentencing.

B

Franklin also challenges the district court's determination that, under § 2K2.1(b)(5) of the Guidelines, his base offense level should be enhanced by four points because he possessed stolen firearms in connection with a felony offense other than his § 922(j) violation. Franklin contends that the four-level enhancement is invalid under *Bailey v. United States*, __ U.S. __, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995) because he did not actively employ the firearms while stealing them.

*Bailey* dealt with the issue of what actions constituted "use" of a firearm under 18 U.S.C. § 924(c). Section 2K2.1(b)(5) expressly provides for an enhancement based on the defendant's "use *or possession*" of that firearm. Franklin has admitted that he

broke into a pawnshop, stole eight firearms, and then sold or otherwise disposed of them. In stealing and then disposing of the firearms from the pawnshop, Franklin possessed them. Moreover, burglary is a felony under Texas law, as is stealing a firearm.[2] Therefore, Franklin possessed a firearm in connection with a felony offense other than his § 922(j) violation. *See United States v. Armstead*, 114 F.3d 504, 510-13 (5th Cir. 1997) (holding that, where defendant plead guilty to breaking into pawnshop and stealing firearms in violation of 18 U.S.C. § 922(u), *Bailey* did not preclude court from applying § 2K2.1(b)(5) enhancement because defendant also committed state-law felony of burglary of a building and did not dispute that he possessed firearms during theft).

Accordingly, we determine that the district court was not precluded under *Bailey* from enhancing Franklin's sentence by four levels under § 2K2.1(b)(5).

II

For the foregoing reasons, we AFFIRM Franklin's sentence in part and REVERSE his sentence in part, and REMAND for resentencing in accordance with this opinion.

---

[2] A person commits burglary if "without the effective consent of the owner, he . . . enters a building or habitation and commits or attempts to commit a felony or theft." Tex. Penal Code Ann. § 30.02(a). Burglary is a "state jail felony if committed in a building other than a habitation . . . ." *Id.* at § 30.02(c)(1). In addition, stealing a firearm is a state jail felony. *Id.* at § 31.03(e)(4)(C).