# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40650
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY LEWIS WOODS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-716
USDC No. 4:11-CR-106-8

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rodney Lewis Woods, federal prisoner # 18898-078, was convicted in 2013 of conspiracy to possess with intent to deliver 100 kilograms or more of marijuana and was sentenced as a career offender under U.S.S.G. § 4B1.1(a) to 200 months of imprisonment. He filed a motion with this court for a certificate of appealability (COA) to appeal the denial of his 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40650

U.S.C. § 2255 motion challenging his sentence.  We granted a COA on one issue only: whether Woods's attorney rendered ineffective assistance by failing to challenge the enhancement on the ground that Woods's state conviction for delivery of a simulated controlled substance was not a controlled substance offense for purposes of the § 4B1.1 enhancement.

The grant of a COA has no bearing on the ultimate success of an appeal after full consideration.  *See Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003).  Our review is limited to issues for which a COA has been granted.  *See* 28 U.S.C. § 2253(c); *United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998).

Regarding the issue for which a COA was granted, Woods argues that his attorney was ineffective for failing to challenge the simulated controlled substance offense on the ground that the "simulated" substance was not a controlled substance or counterfeit drug in light of *United States v. Franklin*, No. 97-40160, 1997 WL 574822, at *1-2 (5th Cir. Aug. 18, 1997) (unpublished).  Woods cannot succeed on that basis because it would have been foreclosed by *United States v. Crittenden*, 372 F.3d 706, 709-10 (5th Cir. 2004).  Counsel is not obligated to raise a meritless objection.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

Woods argued in his § 2255 motion that his counsel rendered ineffective assistance by failing to argue that his prior Texas conviction for delivery of a simulated controlled substance was not a controlled substance offense under § 4B1.1 because, unlike the Texas statute at issue, the relevant Guidelines did not define a controlled substance offense as including offers to sell.  But, Woods does not re-urge that argument here.  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Woods has thus

No. 16-40650

abandoned this argument. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Woods further asserts that his trial counsel rendered ineffective assistance by "failing to argue that Texas Health & Safety Code Annotated, § 482.001(4)"—which defines simulated controlled substance—"was overly broad and could not be applied to enhance" his sentence in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017). Woods has not shown that counsel's performance was deficient under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as those cases were decided long after Woods was sentenced. *See United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009).

Woods also seeks to raise a stand-alone claim challenging his sentence as a career offender in light of *Mathis*, *Hinkle* and *Tanksley*. Woods did not raise that claim in the district court, so we will not consider it here. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003). Finally, Woods seeks a COA regarding whether his attorney was ineffective in failing to argue that his prior Texas conviction for possession with intent to deliver a controlled substance did not qualify as a controlled substance offense for purposes of the career offender enhancement. We deny that request on its merits. *See* 28 U.S.C. § 2253(c).

The district court's judgment is AFFIRMED.