**Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2387

BEVIL CAMPBELL,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Bevil Campbell on Request for Certificate of Appealability for appellant.

August 25, 2004

**Per Curiam**. Bevil Campbell seeks a certificate of appealability ("COA") to appeal from the district court's denial of his motion pursuant to 28 U.S.C. § 2255. Campbell was convicted following a jury trial of conspiracy to import a controlled substance, aiding and abetting the importation of a controlled substance, and conspiracy to possess a controlled substance with intent to distribute. He was sentenced to 121 months' imprisonment, to be followed by 48 months' supervised release. His conviction and sentence were affirmed on direct appeal. See United States v. Campbell, 268 F.3d 1 (1st Cir. 2001).

Campbell requests a COA to raise on appeal all of the ineffective assistance of trial and appellate counsel claims he raised in his § 2255 motion. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason.

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

"To successfully claim ineffective assistance of counsel under the Sixth Amendment, a defendant must establish that his counsel's performance fell below an objective standard of reasonableness and 'that there was a reasonable probability that,

-2-

but for counsel's unprofessional errors, the results of the proceeding would have been different.'" United States v. Theodore, 354 F.3d 1, 5-6 (1st Cir. 2003)(quoting Strickland v. Washington, 466 U.S. 668 (1984)). With regard to the performance aspect of the standard, this court has held that it "demands a fairly tolerant approach," Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994), and that "since even the most celebrated lawyers can differ over trial tactics in a particular case, a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, supra).

The Supreme Court has held that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745 (1983)). Although it "is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim," the Court has indicated that satisfying the first part of the Strickland test requires a showing that the ignored issues were "clearly stronger than issues that counsel did present." Robbins, 528 U.S. at 288.

Having thoroughly reviewed the record, including the trial transcripts, we agree with the district court that

-3-

"[o]verwhelmingly, what Campbell asserts as errors are more appropriately viewed as strategic decisions with which Campbell, in hindsight, disagrees." District Court's Memorandum and Order, 9/4/02, p. 12. Our overview of Campbell's claims and assessment of their merits leads us, essentially for the reasons stated by the district court, to find that reasonable jurists could not debate the conclusion that Campbell's ineffective assistance claims are without merit. We add the following comments with respect to certain of the claims.

Campbell faulted his trial counsel for failing to move for suppression of derivative evidence for violation of his Fourth Amendment rights. However, the district court's finding that Campbell was "in custody" for Fifth Amendment purposes would not necessarily dictate a finding that he had been unreasonably seized for Fourth Amendment purposes and that all evidence derivative of that seizure should be suppressed. See United States v. Newton, 369 F.3d 659, 673 (2d Cir. 2004) (discussing differences between two standards). Moreover, Campbell has failed to make a substantial showing that the exclusion of the evidence derived from his seizure at the airport would likely have resulted in his acquittal.

Similarly, reasonable jurists could not find a reasonable probability that the exclusion of Campbell's statements to customs officials at the time of his seizure would have resulted in acquittal on any of the counts. In view of the substantial direct

-4-

evidence of Campbell's involvement in the charged conspiracy, the statements have only marginal significance. Therefore, Campbell has not made the requisite showing that defense counsel's cross-examination of a government witness which led the court to reverse its decision to exclude the statements, constituted ineffective assistance of counsel.

Campbell faults both his trial and appellate counsel for failing to argue that the supervised release term violated the rule of <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466 (2000), because it "exceeds the term prescribed by 21 U.S.C. § 841(b)(1)(C)." § 2255 Motion, p. 34. However, that statute prescribes a *minimum* term of supervised release of three years, and no maximum term. <u>See</u> <u>United States</u> v. <u>Lopez</u>, 299 F.3d 84, 90 (1st Cir. 2002), <u>cert. denied</u>, __ U.S. __, 124 S.Ct. 1095 (2004). Therefore, reasonable jurists could not dispute that Campbell's attorneys were not ineffective for failing to challenge the supervised release term on that basis.

Campbell argues that appellate counsel was deficient for failing to challenge the district court's excusal of one of two black jurors. After the close of evidence and prior to closing arguments, the juror had expressed to the clerk her concern that because she "runs in the same circles" within the Carribean-American community in Boston as the defendant, she might be recognized by Campbell's family and friends as a juror on his case. After a colloquy between the court, counsel and the juror, the

court supportably found that the juror "is genuinely concerned about her safety and that that would interfere with her being open and candid and participating with the other jurors in the deliberations in the case."

Under the Federal Rules of Criminal Procedure, "[t]he court may impanel up to 6 alternate jurors to replace any jurors **who are unable to perform or who are disqualified from performing their duties**." Fed.R.Crim.P. 24(c)(1) (emphasis added). The court has substantial discretion in decisions to excuse jurors. See United States v. Gonzalez-Soberal, 109 F.3d 64, 66 (1st Cir. 1997). A judge may remove a juror "when 'convinced that the juror's abilities to perform his duties [have] become impaired.'" United States v. Walsh, 75 F.3d 1, 5 (1st Cir. 1996). Here, the transcript of the voir dire with the juror supports the judge's finding that the juror's fear would impair her ability to perform her duties. There is no suggestion from the record, and Campbell does not allege, that the juror was excused because of her race. And the fact that there was only one juror of the defendant's race on the jury, standing alone, is not ground for reversal. "[A] defendant has no right to a 'petit jury composed in whole or in part of persons of his own race.'" Batson v. Kentucky, 476 U.S. 79, 85 (quoting Strauder v. West Virginia, 100 U.S. 303, 305 (1880)). Therefore, reasonable jurists could not find that this issue was clearly stronger than those presented by appellate counsel.

Finally, Campbell is not entitled to a COA to pursue the claim that counsel was ineffective for failing to anticipate the Court's decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004). On appeal, this court held that there was no Apprendi violation because Campbell was sentenced below the statutory maximum of 240 months. See 21 U.S.C. § 841(b)(1)(C). In his § 2255 motion, Campbell argued that appellate counsel should have argued that Apprendi was violated because Campbell's base offense level under the sentencing guidelines was enhanced based on the drug quantity. He has now filed an addendum to his COA memorandum in which he asks that Blakely "be applied in evaluating the arguments which he has placed before the court." Notice of Supplemental Authority, p. 1.

This case does not require us to decide whether Blakely applies to the federal sentencing guidelines or whether it applies retroactively to cases on collateral review. Because Campbell stipulated at trial to a drug quantity that corresponded to the base offense level used to calculate his sentence, he cannot show that he was prejudiced by the failure to charge the specific drug quantity in his indictment. See United States v. Riggs, 347 F.3d 17, 20 (1st Cir. 2003), cert. denied, ___ U.S.___, 124 S.Ct. 1095 (2004). Moreover, counsel's failure to anticipate Blakely would not constitute unreasonable performance under Strickland because "First Circuit jurisprudence on this point ha[d] been well

-7-

established." Campbell, 268 F.3d at 7, n.7.  Therefore, reasonable jurists could not find that he has made a substantial showing that the Blakely issue would have been clearly stronger than the issues raised by appellate counsel.[1]

Campbell's request to proceed IFP is granted, but his request for a COA is denied.  The appeal is terminated.

---

[1] To the extent that petitioner is seeking to assert a new claim based on Blakely (rather than to provide supplemental support for his ineffective assistance claim), he would be required to present that claim first in the district court.  Certification to file a second or successive petition could not be granted unless the Supreme Court had held that Blakely applied retroactively to cases on collateral review.  28 U.S.C. § 2255.