Rehearing granted, February 11, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4721**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK ANTHONEY RICKETTS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-02-393)

———————

Submitted: October 1, 2004          Decided: December 9, 2004

———————

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jeffrey B. Welty, Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Michael F. Joseph, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark Anthoney Ricketts appeals from the judgment of the district court convicting him of conspiracy to distribute cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base, all in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Finding no error, we affirm.

Ricketts first claims that the district court erred in denying his motion for a judgment of acquittal made pursuant to Fed. R. Crim. P. 29. Ricketts alleges a variance between the indictment, which charged a single conspiracy, and the evidence at trial, which Ricketts claims supports multiple conspiracies. This Court has held that "[a] multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the defendants] were involved only in 'separate conspiracies <u>unrelated</u> to the overall conspiracy charged in the indictment'." <u>United States v. Kennedy</u>, 32 F.3d 876, 884 (4th Cir. 1994). The fact that one or some of the participants may have been unknown to the others is not dispositive. <u>United States v. Gray</u>, 47 F.3d 1359, 1368 (4th Cir. 1995). Rather, the question is whether there is "an overlap of key actors, methods, and goals." <u>United States v. Strickland</u>, 245 F.3d 368, 385 (4th Cir. 2001) (internal quotation marks and citations omitted). We conclude that there is such an overlap. The evidence supports the conclusion that Ricketts and his co-conspirators (Christopher Sumner, Orel Dawes, and Richard Moore)

shared a common purpose to facilitate the distribution of narcotics and thus were involved in the single conspiracy charged in the indictment.  Accordingly, we deny this claim.

Ricketts next claims that the district court erred in excluding the expert testimony of a scientist in the field of spectrographic voice analysis.  Expert testimony is admissible under Fed. R. Evid. 702 if it concerns: (1) scientific, technical, or other specialized knowledge, that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue.  See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993).  We conclude that the proffered evidence was lacking in probative value because it did not make "more probable or less probable" a fact of consequence to the jury.  See Fed. R. Evid. 401.  To the contrary, the evidence demonstrated only that no "meaningful" scientific analysis was possible.  Given this fact, we find no abuse of discretion in the district court's decision to exclude the testimony of the witness.  See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 139 (1997) (stating standard of review).

Ricketts also claims that the district court erred in dismissing a juror for cause based on his alleged bias against law enforcement officers.  Because Ricketts did not object to the juror's dismissal at trial, we review this claim for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993).  The ultimate issue in a dismissal for cause is whether the juror "could

be fair and impartial and decide the case on the facts and law presented." United States v. Capers, 61 F.3d 1100, 1105 (4th Cir. 1995). Our review of the record discloses no error on the part of the court. The juror responded under questioning by the court that he was "bothered" by the police and "really mad" at their behavior two years previously in handling criminal charges against him that eventually were dismissed. He raised this information on his own volition and not at the prodding of the court or counsel. Accordingly, we conclude that it was not unreasonable for the district court to strike the juror for cause.

Finally, invoking Blakely v. Washington, 124 S. Ct. 2531 (2004), Ricketts claims that the district court denied him his Sixth Amendment right to trial by jury through its application of sentencing enhancements under the federal sentencing guidelines. Because Ricketts did not raise this claim in the district court, we review for plain error. See United States v. Osborne, 345 F.3d 281, 284 (4th Cir. 2003). This court has considered the applicability of Blakely to the federal sentencing guidelines and has concluded that their application by a district court comports with the requirements of the Sixth Amendment. See United States v. Hammoud, ___ F.3d ___, 2004 WL 2005622, at *28 (4th Cir. Sept. 8, 2004) (No. 03-4253) (en banc); United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 6, 2004) (No. 04-193). Because the district court's

- 4 -

sentence did not exceed the statutory maximum sentence authorized by law, see Apprendi v. New Jersey, 530 U.S. 466 (2000), we find no error.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED