UNITED STATES of America,

v.

John L. WILLIAMS, Defendant.

No. CRIM.02–290(ESH).
No.CIV. 05–0847(ESH).

United States District Court,
District of Columbia.

June 22, 2005.

Alyse Graham, Sarah Townsend Chasson, Sherri Lee Berthrong, U.S. Attorney's Office, Washington, DC, for Plaintiff.

John L. Williams, pro se.

### MEMORANDUM OPINION AND ORDER

HUVELLE, District Judge.

Petitioner John Williams moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Petitioner claims that appellate counsel was deficient in advising him to voluntarily withdraw his appeal notwithstanding the recently decided case *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and the subsequently decided case of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 742, 160 L.Ed.2d 621 (2005), which found the Federal Sentencing Guidelines to be "advisory" and not binding. Because counsel's advice falls within the "wide range of professionally competent assistance," *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), petitioner's motion must be denied.

### BACKGROUND

On March 5, 2002, an undercover officer with the Washington, D.C. Metropolitan Police Department (MPD) Major Narcotics Branch purchased cocaine from petitioner as part of an undercover operation in Northeast Washington. A search of the vehicle that petitioner was seen entering yielded several bags containing 46.97 net grams of "crack" cocaine. On March 20, 2003, a two-count superceding indictment was filed, charging unlawful distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and unlawful possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

On March 31, 2003, petitioner pled guilty to one count of the indictment pursuant to a written plea agreement. Petitioner acknowledged that he understood that he was subject to a minimum term of five years and a maximum term of forty years imprisonment, a fine not to exceed $2,000,000, and a term of supervised release of not less than four years. The petitioner agreed that pursuant to § 1B1.3 of the Federal Sentencing Guidelines, he was responsible for distributing or possessing with the intent to distribute at least thirty-five grams of cocaine base, but less than fifty grams of cocaine base. As part of the plea agreement, the government agreed to dismiss the second count.[1]

At sentencing, the Court applied the Guidelines, which were considered binding at that time. It sentenced petitioner to a term of 130 months imprisonment to be followed by four years of supervised release.[2]

Petitioner filed a timely appeal of his sentence on June 3, 2004. An Assistant Federal Public Defender was appointed to represent petitioner on appeal. According to an affidavit submitted by appellate counsel, she reviewed all of the transcript and record materials in petitioner's case and advised petitioner that he did not have any non-frivolous issues on which to appeal. (Def.'s Mot. Ex. A.) Petitioner reports that he expressed his strong desire to pursue an appeal of his sentence, but that counsel convinced him that it was a "waste of time." (Def.'s Mot. at i.)

On June 10, 2004, petitioner, acting on the advice of his counsel, executed an affidavit stating that he wished to voluntarily withdraw his appeal. (Gov't Opp'n Ex. A.) Counsel filed the motion to withdraw petitioner's appeal on June 28, 2004. (*Id.*) The motion to withdraw the appeal was granted by the Circuit the same day. (*Id.* Ex. B.)

On June 24, 2004, four days before counsel filed petitioner's motion to withdraw his appeal, the Supreme Court issued its decision in *Blakely*, whereby the Court struck down a Washington state statute allowing a judge to sentence a defendant above the statutory maximum upon finding "substantial and compelling reasons justifying" departure. 124 S.Ct. at 2535. *Blakely* by its plain terms did not reach the question of whether its holding affected the Federal Guidelines. However, seven months later in *Booker*, the Supreme Court, applying the reasoning of *Blakely* to the Federal Sentencing Guidelines, held that they are merely advisory in nature and that judges have discretion "to tailor the sentence in light of other statutory concerns." 125 S.Ct. at 755 (citing 18 U.S.C. § 3553(a)).

Petitioner now brings this 28 U.S.C. § 2255 motion wherein he claims that his appellate counsel was constitutionally ineffective for convincing him to withdraw his appeal. Petitioner asserts that he only signed an affidavit stating that he wished to voluntarily withdraw his appeal because counsel convinced him that an appeal was

---

**1.** In the plea agreement, petitioner agreed that his prior convictions for a second degree sex offense and malicious shooting constituted crimes of violence under U.S.S.G. § 4B 1.2, and qualified him as a "Career Offender" under U.S.S.G. § 4B1.1. However, the government later acknowledged that petitioner was not, in fact, a "Career Offender" because the two prior felony convictions were not separated by an intervening arrest and were, therefore, considered related felony convic-

tions. Accordingly, petitioner was properly sentenced under the then-applicable Federal Sentencing Guidelines, and contrary to his argument, he was *not* improperly treated as a Career Offender.

**2.** As agreed by the parties, defendant's offense level was 28 and his Criminal History Category was IV. Under the Guidelines, his sentencing range was therefore 110 to 137 months.

pointless. Further, petitioner argues that counsel's advice constituted ineffective assistance because counsel failed to recognize that the recently decided *Blakely,* as well as the subsequently decided *Booker* case, could have provided meritorious grounds for appeal.

### LEGAL ANALYSIS

In order to prevail on an ineffective assistance of counsel claim, a petitioner must make a two-part showing. "First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

In the instant context, courts have held that the "voluntariness of [a waiver of the right to appeal] depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *See Griffin v. United States,* 109 F.3d 1217, 1220 n. 4 (7th Cir. 1997) (quoting *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). If petitioner can show that he failed to prosecute an appeal based on erroneous advice, petitioner need not make a showing of prejudice. *See, e.g., id.* (finding prejudice where petitioner relied on counsel's erroneous advice that he should not pursue an appeal). Courts have held that an attorney's failure to file an appeal when instructed to do so by his client is presumptively prejudicial, regardless of whether the appeal may have had a reasonable probability of success. *See, e.g., id.* at 1219–20; *Castellanos v. United States,* 26 F.3d 717 (7th Cir.1994); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993); *Abels v. Kaiser,* 913 F.2d 821 (10th Cir.1990); *Estes v. United States,* 883 F.2d 645 (8th Cir.1989). Thus, in such cases, counsel's advice to waive an appeal is prejudicial because it effectively denies the opportunity to have representation on appeal.

Applying this standard to this case, the Court concludes that petitioner has failed to prove that counsel's advice to waive the appeal constituted deficient performance. Even if the Court accepts as true petitioner's assertion that the only reason that he waived his appeal was because of the advice of his counsel, petitioner cannot succeed because he cannot prove that his counsel's advice to dismiss his appeal, notwithstanding *Blakely* and the likelihood of a subsequent case addressing the Federal Sentencing Guidelines, was not outside "the range of competence demanded of attorneys in criminal cases."

Petitioner's argument fails for three reasons. First, counsel is not generally considered ineffective for failing to foresee a change in the law. *See United States v. Smith,* 241 F.3d 546, 548 (7th Cir.2001) (holding that trial counsel was not ineffective, despite his failure to anticipate the *Apprendi* decision); *Pitts v. Cook,* 923 F.2d 1568 (11th Cir.1991) (holding that counsel's failure to recognize a reasonably available claim under the subsequently-decided *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), did not render counsel's assistance constitutionally ineffective); *Pelmer v. White,* 877 F.2d 1518 (11th Cir.1989) (citing *Engle v. Isaac,* 456 U.S. at 133–34, 102 S.Ct. 1558) ("because law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance"). Therefore, counsel's lack of prescience concerning a forthcoming change in the legality of the Federal Sentencing Guidelines scheme was not outside "the range of competence." *Accord Rompilla v. Beard,* —— U.S. ——,

125 S.Ct. 2456, 2462, —— L.ed.2d ——
(2005) ("in applying *Strickland* generally,
hindsight is discounted by pegging adequa-
cy to 'counsel's perspective at the time'
...").

Secondly, counsel's failure to anticipate
that the Supreme Court would apply the
principles of *Blakely* to the Federal Sen-
tencing Guidelines was also not outside the
"range of competence." In *Blakely*, the
Court explicitly stated that its decision
regarding Washington's sentencing guide-
lines did not apply to the Federal Sentenc-
ing Guidelines. *See Blakely*, 124 S.Ct. at
2533, 2539 n. 9 ("This case is not about the
constitutionality of determinate sentenc-
ing, but only about how it can be imple-
mented in a way that respects the Sixth
Amendment.... The Federal Guidelines
are not before us, and we express no opin-
ion on them."). In response to this un-
equivocal language, during the period post
*Blakely* and prior to *Booker*, a majority of
circuits held that the principle announced
in *Blakely did not* apply to the Federal
Sentencing Guidelines. *See United States
v. Mincey*, 380 F.3d 102, 105 (2d Cir.2004);
*United States v. Hammoud*, 381 F.3d 316,
345 (4th Cir.2004) (en banc); *United States
v. Ricketts*, 122 Fed.Appx. 4, 6 (4th Cir.
2004); *United States v. Pineiro*, 377 F.3d
464, 465–66 (5th Cir.2004); *United States
v. Koch*, 383 F.3d 436, 438 (6th Cir.2004)
(en banc); *Leonard v. United States*, 383
F.3d 1146, 1146 (10th Cir.2004); *United
States v. Horton*, 118 Fed.Appx. 462, 464
(10th Cir.2004); *United States v. Reese*,
382 F.3d 1308, 1310 (11th Cir.2004). On
the other hand, during that time, the Sev-
enth and Ninth Circuits held that *Blakely*
did apply to the Federal Sentencing Guide-
lines. *See United States v. Booker*, 375
F.3d 508, 515 (7th Cir.2004); *United States
v. Ameline*, 376 F.3d 967, 974 (9th Cir.
2004). Assuredly, during this period, nu-
merous criminal cases remained non-final
in hopes that the Supreme Court would
apply *Blakely* to the Guidelines and there-

by provide defendants with a basis to chal-
lenge their sentences. However, given the
uncertainty of the applicability of *Blakely*
to the Federal Sentencing Guidelines, and
the fact that a majority of circuits rejected
their application to the Guidelines before
the Supreme Court's decision in *Booker*,
courts have unanimously concluded that it
was not outside the "range of competence"
for counsel to advise petitioner that he had
no non-frivolous grounds for appeal. *See
Thompson v. United States*, No. 03–1321,
2005 WL 1173560, at *1 (N.D.N.Y. May 2,
2005) (holding that because the Federal
Sentencing Guidelines were not considered
unconstitutional at the time of petitioner's
appeal, counsel could not be found ineffec-
tive for failing to raise a *Blakely*-type
claim); *Lach v. United States*, No. 05–202,
2005 WL 1019238, at *1 n. 1 (D.Utah Apr.
28, 2005) (holding petitioner's claim of inef-
fective counsel to be without merit because
*Blakely* did not apply to the Guidelines at
the time of the sentencing.) *See also Full-
er v. United States*, 398 F.3d 644, 650 n. 4
(7th Cir.2005) ("[Petitioner] does not argue
that his trial counsel was ineffective for
failing to anticipate [*Blakely* ] and [*Book-
er* ] .... Indeed, 'no such argument
would be tenable.' ") (citation omitted);
*Campbell v. United States*, 108 Fed.Appx.
1, 4 (1st Cir.2004) ("counsel's failure to
anticipate *Blakely* would not constitute un-
reasonable performance under *Strick-
land* "); *Frost v. United States*, No. 04–
431, 2005 WL 331470, at *1 (D.N.H.
Feb.11, 2005) ("failure to anticipate *Blake-
ly v. Washington* and *United States v.
Booker* does not qualify as ineffective as-
sistance of counsel"); *Thomas v. United
States*, No. 02–004, 2005 WL 1252262, at
*3 (E.D.Va. May 26, 2005); *Pena v. United
States*, No. 04–9700, 2005 WL 1176073, at
*6–7 (S.D.N.Y. May 18, 2005); *Mayle v.
United States*, No. 04–1175, 2005 WL
1154186, at *6–7 (N.D.Ohio May 16, 2005);
*Johnson v. United States*, No. 05–101,

2005 WL 1123588, at *2 (N.D.Ohio Apr. 13, 2005); *United States v. Johnson,* No. 03–20013, 2005 WL 839156, at *3 (D.Kan. Apr. 11, 2005).

Finally, counsel's advice to withdraw the appeal was not ineffective because even if counsel had predicted that *Blakely* would be extended to the Federal Sentencing Guidelines, it would be unreasonable to expect counsel to also foresee that the Guidelines would be deemed advisory in nature. In *Blakely,* the Supreme Court held that any fact supporting an exceptional sentence under the Washington state sentencing system must be either found by a jury or be admitted by the defendant. 124 S.Ct. at 2539. Therefore, even if one should have foreseen that *Blakely* would be applied to the Federal Sentencing Guidelines, it would only follow that a sentence could be attacked if an enhancement had not either been admitted to or found by a jury. However, it would not have been reasonable to expect an attorney to predict that the Court would go even further and invalidate the mandatory nature of the Guidelines. Here, petitioner admitted during his plea that he had been in possession of more than thirty-five but less than fifty grams of cocaine base, which is the only enhancement upon which his sentence was based. As such, there were no facts that had to be found after the petitioner entered his plea, so the principles enunciated in *Blakely* would not have applied. *See Campbell v. United States,* 108 Fed.Appx. 1, 4–5 (1st Cir.2004). Thus, in order to find a non-frivolous grounds for an appeal, counsel would have had to foresee not just that *Blakely* would be extended to the Federal Sentencing Guidelines, but also that the Supreme Court would invalidate the mandatory nature of the Guidelines. Certainly, this could hardly have been expected, and thus, counsel's failure to devine the Supreme Court's resolution of *Booker* cannot be considered outside the "range of competence."

For the foregoing reasons, counsel's advice to petitioner to withdraw his appeal did not constitute ineffectiveness. Even after the Supreme Court's decision in *Blakely,* counsel could not reasonably have been expected to foresee that the Federal Guidelines would be rendered advisory in *Booker.* Therefore, petitioner has not met his burden of showing that his appellate counsel was ineffective.

Accordingly, upon consideration of petitioner's motion, the government's opposition thereto, and petitioner's rebuttal, Williams' § 2255 motion is **DENIED WITH PREJUDICE.**

**SO ORDERED.**