**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

CORNELIUS FIELDS,

        Defendant-Appellant.

No. 05-2202

District of New Mexico

(D.C. No. CIV-05-438 BB/ACT)

**ORDER**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Cornelius Fields, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Fields has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Background

Mr. Fields pleaded guilty to one count of possession with intent to distribute one kilogram of a mixture containing detectable amounts of phencyclidine. The district court sentenced him to 188 months' imprisonment. Judgment was entered on June 30, 2003. Mr. Fields did not file a direct appeal.

Mr. Fields commenced this habeas corpus action in the district court on April 18, 2005. In his petition, Mr. Fields argued that he is entitled to resentencing under *United States v. Booker*, 543 U.S. 220 (2005), and that counsel was ineffective in failing to object on Sixth Amendment grounds to the sentencing court's finding of drug quantity. The district court denied the motion, finding that *Booker* does not apply retroactively to cases on collateral review and that Mr. Fields could not show that he was prejudiced by his attorney's conduct. The court also denied Mr. Fields's request for a COA.

## II. Claims on Appeal

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

In his request for a COA before this Court, Mr. Fields makes two arguments. First, he claims that the sentencing court erred, under *Booker*, by improperly enhancing his sentence based on drug quantities found by a judge under the preponderance of the evidence standard. In making this argument, Mr. Fields asks us to retroactively apply *Booker* to invalidate his sentence. However, this Court has held that "*Booker* does not apply retroactively to initial habeas petitions." *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (denying a COA to a federal prisoner, sentenced in 2003, who raised a *Booker* challenge). Thus, Mr. Fields cannot challenge his sentence under *Booker*, as his conviction and sentence became final in June 2003, and he raised this claim for the first time on collateral review.

Second, he claims that his trial counsel was ineffective in failing to object on Sixth Amendment grounds to the sentencing court's finding of drug quantities. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Mr.

Fields was sentenced after the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but before the rulings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker*. To show that counsel's performance was constitutionally deficient, Mr. Fields must show that counsel's failure to extrapolate the holding in *Booker* from *Apprendi* was objectively unreasonable. In our view, it was not. Although we had held that the rule announced in *Apprendi* applied to criminal proceedings in federal court, *see United States v. Jones*, 235 F.3d 1231, 1235 (10th Cir. 2000), we had also noted that *Apprendi* "specifically avoided disrupting the use or adequacy of the Sentencing Guidelines." *United States v. Jackson*, 240 F.3d 1245, 1249 (10th Cir. 2001) (internal quotation marks omitted). Given our precedent at the time and the five-year gap between *Apprendi* and *Booker*, counsel's failure to predict *Booker*'s constitutional and remedial holdings is not objectively unreasonable. *Cf. United States v. Gonzalez-Huerta*, 403 F.3d 727, 750 (10th Cir. 2005) (Briscoe, J., concurring and dissenting) ("[I]t is safe to say that no one . . . could have predicted the absolute sea-change in federal sentencing that would ultimately be wrought by the Supreme Court in its *Booker* remedial holding.").

Accordingly, we **DENY** Cornelius Fields's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge