[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16366
Non-Argument Calendar

_____

D. C. Docket Nos. 06-80328-CV-KLR & 04-80001 CR-KLR

BRIAN E. BAJORSKI,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 7, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Brian Bajorski, a federal prisoner serving a 106-month sentence

for conspiracy to possess with the intent to distribute gamma hydroxybutyric acid (GHB) and for carrying a firearm in relation to a drug trafficking crime, appeals the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). Because he filed his § 2255 motion after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), the provisions of that act apply. We granted a certificate of appealability on the following issue:

> Whether the district court erred in finding that appellant's counsel at the sentencing hearing was not ineffective for failing to move for a continuance of the sentencing hearing until the U.S. Supreme Court issued *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).[1]

On appeal, Bajorski argues that the district court erroneously found that his counsel's failure to request a continuance of his December 2004 sentencing hearing did not constitute ineffective assistance in light of the fact that the court indicated that it would have imposed a 72-month sentence if the Guidelines were not mandatory. Bajorski contends that he timely raised the certified issue because it relates back to his original § 2255 motion.

---

[1] The Supreme Court granted the petition for writ of *certiorari* on August 2, 2004. *United States v. Booker*, 542 U.S. 956, 125 S. Ct. 11, 159 L. Ed. 2d 838 (2004). The Supreme Court issued its opinion on January 12, 2005. *Booker*, 543 U.S. at 220, 125 S. Ct. at 738.

2

## I.

We review ineffective-assistance-of-counsel claims *de novo*. *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000). We may affirm on any ground supported by the record, even if not addressed by the district court. *McCoy v. United States*, 266 F.3d 1245, 1254 (11th Cir. 2001). Also, we may address issues underlying the issue certified for appeal. *Id.* at 1248 n.2. Although we liberally construe Bajorski's *pro se* filings, his counseled pleadings are not so construed. *See Espey v. Wainwright*, 734 F.2d 748, 749-50 (11th Cir. 1984).

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A § 2255 motion must be filed within a one-year period of limitation. 28 U.S.C. § 2255(f).

The United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant is entitled to the effective assistance of counsel during sentencing. *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000). To make a successful claim of ineffective assistance of

counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). If the defendant cannot meet one of *Strickland*'s prongs, we do not need to address the other prong. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id.* at 689, 104 S. Ct. at 2065. The Supreme Court has defined prejudice as a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

Although requests for continuance are not specifically addressed, Federal Rule of Criminal Procedure 32 requires a district court to impose a sentence "without unnecessary delay." Fed.R.Crim.P. 32(b). We have considered an ineffective assistance of counsel claim in the context of a counsel's failure to request a continuance. In order to assert a claim on this basis, the defendant must establish an entitlement to the grant of the motion and prejudice from the failure to

4

request the motion.  *See Jones v. Smith*, 772 F.2d 668, 674 (11th Cir. 1985).

Nevertheless, we have held that counsel cannot be deemed ineffective for failing to anticipate a change in the law.  *See Funchess v. Wainwright*, 772 F.2d 683, 691 (11th Cir. 1985).  Even if a claim based upon an anticipated change in the law is reasonably available at the time counsel failed to raise it, such failure does not constitute ineffective assistance.  *See Pitts v. Cook*, 923 F.2d 1568, 1573-74 (11th Cir. 1991).

Assuming *arguendo* that Bajorski properly raised the certified claim before the district court and that it was timely under AEDPA, we conclude that he failed to establish the deficiency and prejudice prongs required by *Strickland*.  His counsel's performance was not deficient because he was not required to act in anticipation of *Booker*.  Further, the district court stated that it would not have granted the motion if it had been made.  Thus, a reasonable probability does not exist that a motion for continuance would have resulted in a hearing after *Booker* and the subsequent imposition of a lesser sentence.  Accordingly, we affirm the district court's order denying Bojorski's § 2255 motion.

**AFFIRMED.**