**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2009

Charles R. Fulbruge III
Clerk

No. 07-10384

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH HORACE FIELDS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PRADO, Circuit Judge:

Defendant-Appellant Joseph Horace Fields ("Fields"), *pro se*, appeals the district court's denial of his motion, pursuant to 28 U.S.C. § 2255, to correct, vacate, or set aside his sentence on the ground of ineffective assistance of counsel. For the following reasons, we AFFIRM the denial of Fields's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Fields was charged with various drug offenses in three counts of a six-count indictment. He pleaded guilty to one count of possession of cocaine base with intent to distribute and one count of distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. A jury subsequently convicted him of one count of conspiracy to distribute and

possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

Using the 2003 Sentencing Guidelines, the presentence report ("PSR") held Fields accountable for 1307.1 grams of cocaine base and assigned him a base offense level of 36 and a Category III criminal history. Accordingly, the PSR determined a Guidelines sentencing range of 292 to 365 months. Over Fields's objections to, inter alia, the calculation of the drug quantity, the district court agreed with the drug quantity finding in the PSR and sentenced Fields to concurrent terms of 292 months' imprisonment on the conspiracy count and 240 months' imprisonment on each of the remaining two counts, along with a five-year term of supervised release. Notably, Fields's 292-month sentence on the conspiracy conviction was less than the statutory maximum penalty of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Unlike his co-defendant, Jason Leatch ("Leatch"), Fields did not raise any Sixth Amendment errors or use any language implicating the error complained of in *United States v. Booker*, 543 U.S. 220 (2005), in any of his objections.

On appeal, Fields, Leatch, and another co-defendant argued that, in light of *Booker*, the district court violated their Sixth Amendment rights by holding them accountable for 1307.1 grams of cocaine base, an amount not found by the jury. *See United States v. Fields*, 138 F. App'x 622, 628 (5th Cir. 2005) (unpublished). We held that Leatch preserved this issue by objecting to the use of "uncharged conduct being used to dramatically raise his sentence" and citing a Second Circuit case, *United States v. White*, 240 F.3d 127, 136 (2d Cir. 2001), in which the appellant argued that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by imposing his sentence on the basis of facts not found by the jury. *Fields*, 138 F. App'x at 628. We vacated Leatch's sentence because the government could not "identify record evidence that would prove beyond a reasonable doubt that the district court would not have sentenced

2

[Leatch] differently had it acted under an advisory Guidelines regime." *Id.* (internal quotation marks omitted). However, because we concluded that Fields did not preserve any Sixth Amendment errors, we limited our review to plain error and concluded that Fields was unable to satisfy this standard. *Id.* We thus affirmed his sentence. *Id.*

Fields filed a *pro se* motion under 28 U.S.C. § 2255, seeking to vacate his sentence on the sole ground of ineffective assistance of counsel at sentencing with respect to the 292-month sentence for his conspiracy conviction. Relying upon *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004), Fields argued that his counsel was ineffective for failing to raise a Sixth Amendment objection to his sentence on the ground that the judge, by a preponderance of the evidence, determined the amount of drugs attributable to him rather than having the jury find this fact beyond a reasonable doubt. Fields emphasized that Leatch's counsel preserved this objection and that Leatch was accordingly resentenced. Fields also submitted an affidavit from his attorney stating that he "did not lodge an *Apprendi*-based objection to the [Guidelines] because all circuit courts had considered and rejected *Apprendi*'s application to the Guidelines at that time" and that therefore it appeared to him "that that argument had been fully vetted and rejected." The affidavit further stated that the attorney "did not anticipate that the Supreme Court's opinion in *Blakely* would issue[,] thereby creating a new and previously un-rejected basis for applying *Apprendi* to the [Guidelines]," and that he now concludes that it was "clear that [he] should have" made the objection.

The magistrate judge rejected Fields's arguments on the grounds that (1) "[w]ith respect to any *Apprendi* error, the law in effect at the time [Fields] was sentenced limited the holding in that case to facts which increase the penalty beyond the statutory maximum," (internal quotation marks omitted), (2) neither *Blakely* nor *Booker* had been decided, and (3) "there is no general

3

duty on the part of defense counsel to anticipate changes in the law." Accordingly, the magistrate judge recommended denying Fields's motion. The district court accepted this recommendation and denied the motion. Fields timely filed a notice of appeal and request for a COA. The district court denied the request, but we granted a COA.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 2253 because we previously issued Fields a COA in this case. "We 'review a district court's conclusions with regard to a petitioner's § 2255 claim of ineffective assistance of counsel *de novo*.'" *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005) (quoting *United States v. Conley*, 349 F.3d 837, 839 (5th Cir. 2003)). We review "a district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion." *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

## III. DISCUSSION

### A.

The Sixth Amendment guarantees defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them." *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001); *see Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). This right "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough*, 540 U.S. at 5 (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). We review claims of ineffective assistance of counsel under the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

To satisfy this test, a petitioner "[f]irst . . . must show that [his] counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The

petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner "must show that the deficient performance prejudiced the defense." *Id.* at 687. "This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* To do so, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Importantly, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. When evaluating the first *Strickland* criterion, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*; *accord Bridge*, 838 F.2d at 773. Further, we must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

We have explained that the objective standard of reasonableness to which counsel are held requires that they "'research relevant facts and law, or make an informed decision that certain avenues will not be fruitful.'" *Conley*, 349 F.3d at 841 (quoting *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)). Thus, "[s]olid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Id.* Although "a failure of counsel to be aware of prior controlling precedents in even a single prejudicial instance might render counsel's assistance ineffective under the Sixth Amendment," *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. Unit A Apr. 1981), we have repeatedly held that "there is no general duty on the part of defense counsel to anticipate changes in the law," *e.g.*, *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) (citing *Nelson*, 642 F.2d at 908); *Morse v. Texas*, 691 F.2d

770, 772 n.2 (5th Cir. 1982). Likewise, we have held that counsel is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected, *see Green*, 116 F.3d at 1125 (citing *Andrews v. Collins*, 21 F.3d 612, 623 (5th Cir. 1994)), or even for not "rais[ing] every nonfrivolous ground that might be pressed on appeal," *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983))). In the specific context of sentencing, we have explained that, "'[o]f course, counsel's inability to foresee future pronouncements which will dispossess the Court of power to impose a particular sentence which is presently thought viable does not render counsel's representation ineffective. . . . Clairvoyance is not a required attribute of effective representation.'" *Nelson*, 642 F.2d at 908 (quoting *Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972)).

Here, Fields's only assertion that his counsel was ineffective stems from his counsel's failure to object—on the basis of *Apprendi*—to his conspiracy sentence on the ground that the amount of drugs attributed to him was never found by a jury or proven beyond a reasonable doubt. However, at the time of Fields's sentencing—before the Supreme Court had decided *Blakely* or *Booker*—the law of this circuit was clear: *Apprendi* did not prohibit courts "from determining the amount of drugs for relevant conduct purposes under the Sentencing Guidelines." *See United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000); *see also United States v. White*, 307 F.3d 336, 340 (5th Cir. 2002) (holding that "the district court was within its power when it looked at relevant conduct to assign the quantity of drugs within [the maximum] statutory ranges"); *United States v. Barrientos*, 263 F.3d 162, 2001 WL 803558, at *1 (5th Cir. 2001) (unpublished) ("As this court noted in *United States v. Doggett*, the Supreme Court has not overruled its decision in *Edwards* [*v. United States*, 523 U.S. 511 (1998)], which held that the judge and not the jury determines the type and amount of controlled substances involved in a violation of 21 U.S.C.

§ 841(a)(1)." (citation omitted)).  Rather, *Apprendi* would have prohibited only a sentence "more severe than the statutory maximum for the offense established by the jury's verdict."  *See United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000) (emphasis omitted).

The indictment charged Fields with conspiracy "to distribute and possess with intent to distribute fifty (50) grams or more of 'crack cocaine,' a mixture of and substance containing cocaine base, a Schedule II controlled substance," and the jury found Fields guilty of this charge beyond a reasonable doubt.  This offense carries a statutory maximum penalty of life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A)(iii).  Thus, Fields's 292-month sentence was less than the statutory maximum, and the court would have rejected any *Apprendi*-based objection by Fields's lawyer.

Fields argues that we should follow *Nichols v. United States*, 501 F.3d 542 (6th Cir. 2007), *vacated en banc*, 2008 U.S. App. LEXIS 362 (Jan. 3, 2008), in which a panel of the Sixth Circuit granted a petitioner's § 2255 motion on the ground of ineffective assistance of counsel for "failing to argue that the enhancements to [petitioner's] then-mandatory Guidelines range violated the Sixth Amendment" because they were based on judge-found facts, *Nichols*, 501 F.3d at 543-44.  Although the *Nichols* panel was unwilling to conclude that *Apprendi* "clearly foreshadowed" *Booker*, *id.* at 545, it found that *Apprendi* "cast considerable doubt on the constitutionality of the mandatory Guidelines regime," *id.*  Accordingly, the panel concluded that "counsel whose performance satisfied an objective standard of reasonableness would have at least been cognizant of possible extensions of *Apprendi* to challenge the Federal Sentencing Guidelines and the necessity of preserving those challenges in case the Supreme Court struck down the Guidelines while the defendant's case was pending on direct appeal."  *Id.* at 546 (citation and internal quotation marks omitted).  Because Nichols's counsel failed to do so, the panel held that Nichols satisfied the

deficiency prong of *Strickland*. *Id.* at 547. Notably, however, the Sixth Circuit has granted rehearing en banc in *Nichols* and has vacated the panel opinion. *See Nichols v. United States*, No. 05-6452, 2008 U.S. App. LEXIS 362 (6th Cir. Jan. 3, 2008).

We decline Fields's invitation to follow the now-vacated panel decision in *Nichols*. Counsel is required to research facts and law and raise meritorious arguments based on controlling precedent, *Conley*, 349 F.3d at 841, but the law of this circuit is clear that counsel need not anticipate changes in the law or raise meritless objections, *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998); *see United States v. Webster*, 392 F.3d 787, 796-97 & n.19 (5th Cir. 2004) (citing cases); *Morse*, 691 F.2d at 772 n.2; *see also Green*, 116 F.3d at 1125. We have never adopted the position that counsel might render ineffective assistance by failing to raise an objection whose favorable resolution is foreclosed by existing law. Moreover, with regard to the specific error at issue in *Nichols* and that Fields now raises, the now-vacated Sixth Circuit panel opinion stands alone. The overwhelming majority of circuits to address the issue have suggested that defense counsel's failure to anticipate, in the wake of *Apprendi*, the rulings in *Blakely* and *Booker* does not render counsel constitutionally ineffective. *See, e.g.*, *Dubose v. United States*, No. 06-13851, 2007 WL 57090, at *2 (11th Cir. Jan. 9, 2007) (per curiam) (unpublished) (rejecting ineffective assistance claim based on trial counsel's pre-*Booker* failure to raise an *Apprendi*-based objection to the Guidelines, and explaining that "[t]o be effective within the bounds set by *Strickland*, an attorney need not anticipate changes in the law"); *United States v. Fields*, 162 F. App'x 799 (10th Cir. 2006) (unpublished) (holding that "counsel's failure to extrapolate the holding in *Booker* from *Apprendi*" was not objectively unreasonable); *Fuller v. United States*, 398 F.3d 644, 650 n.4 (7th Cir. 2005) (stating that although the appellant "[did] not argue that his trial counsel was ineffective for failing to anticipate *Blakely*[] and []*Booker* and object on Sixth

Amendment grounds to the trial court's imposition of sentencing enhancements . . . no such argument would be tenable" (citations and internal quotation marks omitted)); *Campbell v. United States*, 108 F. App'x 1, 5 (1st Cir. 2004) (per curiam) (unpublished) (explaining that "counsel's failure to anticipate *Blakely* would not constitute unreasonable performance under *Strickland* because First Circuit jurisprudence on this point had been well established" (alteration and internal quotation marks omitted)); *United States v. Williams*, 374 F. Supp. 2d 173, 176-77 (D.D.C. 2005) (explaining that "given the uncertainty of the applicability of *Blakely* to the Federal Sentencing Guidelines, and the fact that a majority of circuits rejected [its] application to the Guidelines before the Supreme Court's decision in *Booker*, courts have unanimously concluded that it was not outside the "range of competence" for counsel to advise petitioner that he had no non-frivolous grounds for appeal" (collecting authorities)); *see also United States v. Golden*, 255 F. App'x 319, 322-23 (10th Cir. 2007) (unpublished) (holding that defense counsel's "failure to predict *Booker*'s extension of *Blakely*" to the federal Sentencing Guidelines and withdraw defendant's guilty plea in light of this was not deficient and denying a COA); *Bajorski v. United States*, 276 F. App'x 952, 953-54 (11th Cir. 2008) (per curiam) (unpublished) (holding that defense counsel's failure to seek a continuance of sentencing pending the issuance of a decision in *Booker*, which was pending at the time, did not give raise to an ineffective assistance claim).

In light of our prior holdings that "[t]here is no general duty on the part of defense counsel to anticipate changes in the law," *e.g.*, *Morse*, 691 F.2d at 772 n.2, we cannot hold Fields's counsel ineffective for failing to predict "the absolute sea-change in federal sentencing" wrought by *Booker*. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 750 (10th Cir. 2005) (Briscoe, J., concurring in part and dissenting in part) ("[I]t is safe to say that no one [pre-*Blakely*]. . . could have predicted the absolute sea-change in federal sentencing that would

ultimately be wrought by the Supreme Court in its *Booker* remedial holding."). We have repeatedly noted that *Strickland* presents a stringent, rigorous test, *e.g.*, *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987); *Millard v. Lynaugh*, 810 F.2d 1403, 1409 (5th Cir. 1987), and that "[c]ounsel is not deficient for failing to raise every meritorious claim pressed on appeal," *Green*, 116 F.3d 1125-26; *see also Ellis*, 873 F.2d at 840 ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." (citing *Jones*, 463 U.S. at 751)). Moreover, as the Supreme Court has admonished, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 689, 691; *accord Lowenfield v. Phelps*, 817 F.2d 285, 290 (5th Cir. 1987). Here, it is undisputed that Fields's attorney investigated the relevant law and declined to make an *Apprendi* objection based upon his assessment that "all circuit courts had considered and rejected *Apprendi*'s application to the Guidelines at the time" and "it appeared to [him] that that argument had been thoroughly vetted and rejected." Under such circumstances, and without any case law foreshadowing *Booker*'s sea-change, we cannot say that Fields's counsel acted unreasonably, much less constitutionally deficiently. The mere fact that Leatch's counsel was prescient or fortunate enough to preserve an *Apprendi*-based objection that was later found meritorious under changed law does not require a finding that Fields's counsel and the counsel of Fields's other co-defendant were constitutionally ineffective for not making a similar objection.

Indeed, we have previously held, in a factual setting similar to that presented here, that defense counsel's failure to raise an issue that would be foreclosed based on then-existing precedent that was later overruled did not constitute ineffective assistance of counsel. *See Green v. Johnson*, 116 F.3d 1115 (5th Cir. 1997). In *Green*, the petitioner claimed that his direct appellate counsel

was ineffective for failing to raise the issue of a veniremember's exclusion for cause. At trial, the petitioner's attorney objected to the veniremember's exclusion, arguing that "it is impermissible to grant a challenge for cause where a juror is unable to answer affirmatively the second special issue on the facts of the capital offense alone." *Id.* at 1125. Relying upon *Marras v. Texas*, 741 S.W.2d 395 (Tex. Crim. App. 1987) (en banc), the trial court correctly overruled the objection. *See Green*, 116 F.3d at 1125. At the time of petitioner's appeal, *Marras* was controlling precedent; accordingly, his appellate counsel did not raise the veniremember's exclusion for cause on direct appeal. *Id.* The Texas Court of Criminal Appeals affirmed petitioner's conviction on December 9, 1992, and denied his motion for rehearing on February 12, 1993. *Id.* On January 13, 1993, the Court of Criminal Appeals decided *Garrett v. Texas*, 851 S.W.2d 853 (Tex. Crim. App. 1993) (en banc), which overruled *Marras* and "held that a veniremember is not subject to a challenge for cause merely because he indicates that he would require more evidence than the legal minimum in order to answer special issue two affirmatively." *Green*, 116 F.3d at 1125 (citing *Garrett*, 851 S.W.2d at 860-61). *Garrett* did not become final and binding precedent until the court denied rehearing in the case on April 21, 1993. *Id.* The petitioner then sought § 2254 relief on the ground of ineffective assistance of counsel for his direct appellate counsel's failure to raise the issue of the veniremember's exclusion—an objection that would have failed under *Marras* but would have succeeded after the later holding in *Garrett*. Citing our previous explanation that "there is no general duty on the part of defense counsel to anticipate changes in the law," we held that "counsel [was] not ineffective for failing to raise a claim that Texas courts have rejected repeatedly." *Id.* We further rejected the petitioner's claim of ineffectiveness premised on his counsel's "failure to assert *Garrett* during the pendency of his rehearing petition, but two months before *Garrett* became final." *Id.* We explained that "[c]ounsel is not

11

deficient for failing to raise every meritorious claim that may be pressed on appeal." *Id*. at 1125-26 (citing *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989)).

Although *Green* is not precisely on point, it is analogous and persuasive. At the time of Fields's sentencing, before *Blakely* and *Booker*, the law of this circuit allowed the court to determine the amount of drugs attributable to a defendant for the purposes of making a Sentencing Guidelines determination. *E.g.*, *Doggett*, 230 F.3d at 166. The fact that the Supreme Court later held *Apprendi* applicable to judicially-found facts that increase punishment under the federal Sentencing Guidelines is of no moment in light of the absence of case law at the time indicating the impending legal sea-change. We agree with the overwhelming majority of circuits to have addressed this issue and cannot pronounce Fields's counsel's performance inadequate for failing to predict the change in the law rendered by *Blakely* and, to a greater extent, *Booker*.

Thus, we conclude that Fields's counsel was not constitutionally inadequate for failing to raise an *Apprendi* objection that we had previously rejected. Because Fields cannot establish that his counsel's performance was deficient, *see Strickland*, 466 U.S. at 687, our *Strickland* inquiry ends here.

**B.**

Fields's argument that the district court abused its discretion by refusing to grant an evidentiary hearing on his § 2255 motion also fails. We have held that "[t]he district court need not hold an evidentiary hearing to resolve ineffective assistance claims where the petitioner has failed to allege facts which, if proved, would admit of relief." *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994). If, on the record before us, "we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary and we may affirm." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Fields

has failed to identify a single factual dispute that the district court was required to decide that would have warranted a hearing. His claim fails as a matter of law. Accordingly the district court did not abuse its discretion by refusing to grant a hearing.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Fields's § 2255 motion to correct, vacate, or set aside his sentence.

AFFIRMED.