# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2009

Charles R. Fulbruge III
Clerk

No. 07-41020
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

REISA LYNN PETTIETTE

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-117
USDC No. 6:02-CR-83-2

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Reisa Lynn Pettiette, now federal prisoner # 09677-078, has appealed the district court's order denying her motion under 28 U.S.C. § 2255. Pettiette contends that her attorney failed to advise her adequately about the Sentencing Guidelines and failed to advise her that she could mitigate her sentence by entering a guilty plea. She contends also that counsel failed to advise her about a plea bargain proposed by the Government, pursuant to which she could have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pleaded guilty to misprision of a felony and would have received a more lenient sentence. She contends that the district court should not have denied her motion without holding an evidentiary hearing.

On review of a district court's denial of § 2255 relief, this court reviews factual findings for clear error and legal conclusions de novo. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). The district court's failure to hold an evidentiary hearing is reviewed for an abuse of discretion. *Id.* "To establish abuse of discretion, a petitioner must present 'independent indicia of the likely merit of [her] allegations.'" *Id.* (quoting *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006); pronoun modified)). The district court must review the record and any materials submitted by the parties, including affidavits, to determine whether an evidentiary hearing is warranted. Rules 7(b) and 8(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS; *see also Cavitt*, 550 F.3d at 442.

To prove that her counsel was ineffective, Pettiette must show that counsel's performance was deficient and that his deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A movant's claim of ineffective assistance of counsel must be stated with specificity; "conclusional allegations" and "generalized assertions" will not suffice. *United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir.), *cert. denied*, 128 S. Ct. 456 (2007). "The district court need not hold an evidentiary hearing to resolve ineffective claims where the petitioner has failed to allege facts which, if proved, would admit of relief." *United States v. Fields*, ___ F.3d ___, No. 07-10384, 2009 WL 975806, at *7 (5th Cir. Apr. 13, 2009) (quotation marks and brackets omitted). If this court "can conclude as a matter of law that the petitioner cannot establish one or both of the elements necessary to establish [her] constitutional claim, then an evidentiary hearing is not necessary." *Id.* (quotation marks and brackets omitted; pronoun modified).

Because Pettiette's drug use while on pretrial release and obstruction of justice would have disqualified her from receiving an adjustment for acceptance of responsibility, she cannot show that she was prejudiced by her attorney's failure to advise her that she could qualify for an adjustment for acceptance of responsibility by entering a guilty plea. *See United States v. Rickett*, 89 F.3d 224, 227-28 (5th Cir. 1996). For that reason, Pettiette cannot show that the district court abused its discretion in rejecting this ineffective-assistance-of-counsel claim without benefit of an evidentiary hearing. *See Fields*, 2009 WL 975806 at *7; *Cavitt*, 550 F.3d at 435, 441-42. Because the record does not contain independent indicia of the likely merit of Pettiette's contention that she was not made aware of the Government's proposed plea bargain offer, Pettiette cannot show that the district court abused its discretion in denying her § 2255 motion without holding an evidentiary hearing as to this ineffective-assistance-of-counsel claim. *See Cavitt*, 550 F.3d at 435, 441-42. The district court's order denying Pettiette's § 2255 motion is AFFIRMED.

Pettiette's motion for appointment of counsel is DENIED. *See United States Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994).