# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-40385
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

NOE NICOLAS GARZA

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-70-1
USDC No. 2:07-CV-342

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Noe Nicolas Garza, federal prisoner #03659-025, pleaded guilty in 2003 to one count of conspiracy to possess with intent to distribute cocaine and was sentenced to 293 months in prison. On appeal, we rejected under plain error review his argument that the district court's findings of fact violated the Sixth Amendment in light of *United States v. Booker*.[1] Garza then petitioned for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. 220 (2005).

habeas relief, under 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel related to counsel's conduct at sentencing, including counsel's failure to preserve *Booker* error. The district court denied relief. A judge of this court granted Garza a certificate of appealability on one issue: whether counsel's failure to anticipate the decision in *Booker* and preserve error by making an objection pursuant to *Apprendi v. New Jersey*[2]–a failure that relegated Garza to plain error review on appeal–constituted ineffective assistance of counsel. We now affirm the district court's judgment.

Our recent opinion in *United States v. Fields* is dispositive.[3] As in *Fields*, the district court sentenced Garza prior to the Supreme Court's ruling in *Booker*.[4] Before *Booker* our precedent foreclosed application of the Sixth Amendment rule of *Apprendi* to factual determinations under the Sentencing Guidelines.[5] As *Fields* reminds, the law in this circuit makes clear that counsel was not required to make meritless objections under then-existing precedent,[6] anticipate changes in the law, or raise every potentially meritorious claim.[7] Thus, as we held in *Fields*, Garza's counsel did not render constitutionally ineffective assistance by failing to anticipate *Booker*'s application of *Apprendi* to the Sentencing Guidelines and the resulting "sea-change" in sentencing.[8] To the extent that Garza raises other arguments not included within the scope of our

---

[2] 543 U.S. 220 (2005).

[3] 565 F.3d 290, 293-97 (5th Cir. 2009).

[4] *Fields*, 565 F.3d at 295

[5] *See Fields*, 565 F.3d at 295; *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002).

[6] *Fields*, 565 F.3d at 295, 297.

[7] *Fields*, 565 F.3d at 294, 296-97.

[8] *Id.* at 295-97.

order granting the certificate of appealability, we do not consider them.[9]

Judgment of the district court is AFFIRMED.

---

[9] *See Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005).