**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-10054
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DONALD TERRELL BANKS, also known as T-Blue,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1800
USDC No. 3:03-CR-78-4

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Terrell Banks, federal prisoner # 30671-177, was convicted by a jury of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Prior to trial, Banks pled guilty to distribution of cocaine base, in violation of Sections 841(a)(1) and (b)(1)(C). The district court sentenced him to concurrent terms of imprisonment of 360 months for conspiracy to distribute cocaine base and 240 months for distribution of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine base. We previously affirmed his conviction and sentence on direct appeal, rejecting, among other points, the argument that due to *United States v. Booker*, 543 U.S. 220 (2005), the district court committed plain error when it found certain facts relative to sentencing. *United States v. Fields*, 138 F. App'x 622, 625, 628 (5th Cir. 2005).

Banks filed a 28 U.S.C. § 2255 motion, which the district court denied. The district court granted a certificate of appealability on Banks's claim that counsel's failure to raise an objection to the district court's findings of drug type and quantity pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), constituted ineffective assistance of counsel. Whether counsel's failure to preserve the *Booker* issue by making an *Apprendi* objection constituted ineffective assistance was recently addressed in *United States v. Fields*, 565 F.3d 290, 293-97 (5th Cir. 2009). At the time of Banks's sentencing, the law of this circuit was settled that *Apprendi* did not apply to the Sentencing Guidelines. *See id.* at 295; *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002). The failure of counsel to anticipate that *Booker* would apply the rule of *Apprendi* to the Sentencing Guidelines or to predict "the absolute sea-change in federal sentencing wrought by *Booker*" does not constitute constitutionally ineffective assistance. *Fields*, 565 F.3d at 295-97.

Contrary to Bank's argument, the district court did not err by denying his motion without a hearing. The facts relevant to this case are essentially undisputed and are conclusive in showing that Banks is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

For the foregoing reasons, the judgment of the district court is AFFIRMED.