# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-30220

———————

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2016

Lyle W. Cayce
Clerk

Plaintiff - Appellee

v.

FLETCHER FREEMAN, JR.,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Western District of Louisiana

———————

Before JONES, WIENER, and HIGGINSON, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Fletcher Freeman, Jr., ("Freeman") was convicted by a jury of conspiracy to possess with intent to distribute cocaine and other controlled substances and of possession with intent to distribute cocaine. He was sentenced to concurrent terms of 210 months of imprisonment for each offense and concurrent five-year terms of supervised release. This court affirmed his conviction on direct appeal, and the Supreme Court denied his petition for a writ of certiorari. *United States v. Zamora*, 661 F.3d 200, 211-12 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1771 (2012).

Freeman filed a 28 U.S.C. § 2255 motion, raising numerous allegations of ineffective assistance of trial counsel. The district court denied Freeman's § 2255 motion and denied a certificate of appealability ("COA"). This court,

No. 14-30220

however, granted a COA on the issue whether Freeman's trial counsel was ineffective for failing to move to dismiss the possession with intent to distribute cocaine charge in count three ("count three") of the superseding indictment as barred by the five-year statute of limitations.  After reviewing the briefing, the record, and the applicable law, we **REVERSE** the district court's denial of Freeman's § 2255 motion and **REMAND** with instructions to strike the count three conviction from Freeman's criminal judgment and remit the fine associated therewith.

## STANDARD OF REVIEW

In reviewing the denial of a § 2255 motion and the district court's assessment of effectiveness of counsel, the appellate court reviews the district court's factual findings for clear error and the legal conclusions *de novo*. *United States v. Kayode*, 777 F.3d 719, 722-23 (5th Cir. 2014).

## DISCUSSION

Freeman argues that the district court erred in denying his claim that his trial counsel was ineffective because he failed to move to dismiss count three of the superseding indictment as barred by the statute of limitations. The district court determined that Freeman did not show that his counsel was deficient by failing to dismiss count three because his counsel acted reasonably. Defense counsel averred in the district court that he considered the limitations issue, but concluded that the superseding indictment related back to the date of the original indictment because it did not expand the charges. Therefore, Freeman's counsel concluded that filing the motion was futile.

The district court found that because Freeman was found guilty of conspiracy to traffic 50 kilograms of cocaine, the possession conviction

2

No. 14-30220

involving 500 grams was minuscule and likely inconsequential to Freeman's prison term.

On appeal, Freeman contends that he was not placed on notice that he was being charged with count three until the superseding indictment was filed on March 11, 2009. Count three alleged that the possession offense occurred on September 4, 2003. Because the superseding indictment was filed more than five years after the alleged offense, Freeman argues that his counsel should have filed a motion to dismiss count three as barred by the five-year statute of limitations. 18 U.S.C. § 3282(a); *United States v. McMillan*, 600 F.3d 434, 444 (5th Cir. 2010).

Freeman adds that he was prejudiced by counsel's error because he was convicted of count three and sentenced to a term of incarceration on that count. He asserts that his term of incarceration is affected based on the number of counts within the Federal Bureau of Prisons Custody Classification. Freeman also argues that the he was prejudiced because he had to pay a $100 special assessment as a result of the conviction.

He further contends that there is a reasonable probability that based on the evidence presented on count three, there was a "spill-over" effect that led the jury to convict him of the conspiracy count. He asks the court to vacate his convictions on both counts and to grant a new trial on the conspiracy count. Alternatively, he asks the court to vacate count three and hold an evidentiary hearing to review any prejudicial "spill-over" effect that the count three evidence might have had on the jury's verdict.

The Government essentially concedes that count three was barred by the statute of limitations, but contends that Freeman's counsel was not ineffective

No. 14-30220

because Freeman would still have been convicted of conspiracy and would have been sentenced to the same prison term.

To prevail on an ineffective assistance claim, a defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong "requires that [counsel] research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (internal quotation marks and citation omitted). "[S]olid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *See id.* (internal quotation marks and citation omitted). However, the fact that an attorney reached the wrong conclusion does not necessarily make his performance deficient as the right to counsel does not guarantee error-free counsel. *See Emery v. Johnson*, 139 F.3d 191, 197 (5th Cir. 1997); *Skillern v. Estelle*, 720 F.2d 839, 851 (5th Cir. 1983).

Under the prejudice prong, the defendant normally must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different, or that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable. *Strickland*, 466 U.S. at 694; *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

We hold that Freeman's counsel was deficient by not filing a motion to dismiss count three. Freeman's counsel was required to perform research on whether the superseding indictment would relate back to the original indictment. *See Fields*, 565 F.3d at 294. Although counsel's affidavit stated

4

that he considered the issue, the record is silent as to the extent of counsel's research.

Even minimal research would have revealed that the policy underlying the limitations doctrine is notice to the defendant. Given that the original indictment did not name Freeman at all, counsel would have had a compelling argument that the superseding indictment would not relate back even if the charges were the same. This is not a case in which the indictment merely broadened the charges against an already-named defendant. *See McMillan*, 600 F.3d at 444. For example, in *United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004), this court held that counsel's performance was deficient because he failed to perform research that would have revealed that his client's two prior convictions were crimes of violence and thus grossly underestimated his client's sentencing exposure when advising him whether to plead guilty. *See also United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (holding that attorneys did not meet *Strickland* standard because they failed to recognize and argue that the defendant should not receive more than 60 months of imprisonment on one count).

The "prejudice prong" is also supported by the record. Freeman had to pay a $100 special assessment on count three; thus, he suffered prejudice as a result of counsel's failure to move to dismiss said count.[1] *See United States*

---

[1] Freeman is not directly challenging the $100 special assessment. Such challenge would be outside the scope of § 2255. *See United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996). He merely uses the fine as evidence of prejudice because he would not have been assessed the fine if he had not been convicted on count three. Because we vacate that count, however, Freeman is entitled to remittance of the fine. *See United States v. Bass,* 310 F.3d 321, 330 (5th Cir. 2002).

No. 14-30220

*v. Bass*, 310 F.3d 321, 330 (5th Cir. 2002).  Additionally, there is a reasonable probability that, but for counsel's failure to move to dismiss count three, the result of the proceeding would have been different because count three would have likely been dismissed and the government could not have reindicted Freeman on that count.[2] *See Strickland*, 466 U.S. at 694; *see also United States v. Gunera*, 479 F.3d 373, 375 (5th Cir. 2007) (reversing conviction and dismissing indictment as barred by statute of limitations); *United States v. Wilson*, 322 F.3d 353, 354-55 (5th Cir. 2003) (same).  But because Freeman's counsel did not move to dismiss count three, his criminal history reflects a conviction on a crime that should not have been part of his trial.

Freeman has shown that his counsel was ineffective for the reasons stated above.  Therefore, it is unnecessary to reach Freeman's argument that he was prejudiced by the "spill-over" effect of the count three evidence.

**CONCLUSION**

For the foregoing reasons, we **REVERSE** the district court's judgment

---

[2] Although under the savings clause of 18 U.S.C. § 3288, if an indictment is dismissed for any reason after the statute of limitations has expired, a new indictment may be returned within six months of the dismissal of the indictment and will not be barred by any statute of limitations, this statute is inapplicable in the present case because the original indictment did not name Freeman, and the superseding indictment naming Freeman was not filed within the limitations period and did not relate back to the original indictment. *See McMillan*, 600 F.3d at 444.

No. 14-30220

denying § 2255 relief and **REMAND** with instructions that the court only strike Freeman's conviction on count three from his criminal judgment and remit the $100 fine associated with that count.[3]

---

[3] A resentencing hearing is not necessary because striking count three will not result in setting aside the original sentence and imposing a new one.  Nor will striking count three modify the current sentence into a more onerous one.  Freeman was sentenced to concurrent terms of 210 months of imprisonment for each count and concurrent five-year terms of supervised release.  Because of the equal concurrent terms, striking the conviction on count three will still result in the same prison and supervised released terms.  *See United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994) (per curiam); *United States v. Moree*, 928 F.2d 654, 655-56 (5th Cir. 1991).