# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PETER VICTOR AYIKA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-367

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Peter Victor Ayika, federal prisoner # 33042-280, appeals the district court's denial of his 28 U.S.C. § 2255 motion. We granted him a certificate of appealability as to his ineffective-assistance-of-counsel claim based on defense counsel's failure to argue that the timing of Ayika's trial violated the Speedy Trial Act. Ayika's motion for authorization to prepare transcripts at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government expense is DENIED as unnecessary. His motion for leave to file a corrected supplemental reply brief is also DENIED.

We review the district court's factual findings for clear error and the legal conclusions de novo. *United States v. Freeman*, 818 F.3d 175, 177 (5th Cir. 2016). However, we may affirm the district court's judgment on any basis supported by the record. *United States v. Grosz*, 76 F.3d 1318, 1324 n.6 (5th Cir. 1996).

To prevail on a claim of ineffective assistance of trial counsel, Ayika must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under that standard, he must show that his counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id.* at 688. He also must show that the deficient performance prejudiced his defense and deprived him of a fair trial. *Id.* at 691–92, 694. Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

The Speedy Trial Act requires that a trial commence within seventy days from the latter of a defendant's indictment or initial appearance. 18 U.S.C. § 3161(c)(1). If more than seventy days pass between the indictment and the trial, the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). However, the seventy-day period is subject to exceptions and tolling periods. § 3161(h).

We agree with the parties that the filing of the second superseding indictment, containing the two counts of conviction, did not affect the Speedy Trial Act's seventy-day period. *See United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994). However, Ayika's proceedings calculated from his initial appearance following his original indictment to his jury trial included excludable delays caused by a determination of Ayika's mental competency, continuances granted for the ends of justice, an interlocutory appeal, and

various pretrial motions including the Government's motion for detention, Ayika's motion to substitute counsel, defense counsel's motion to withdraw, and Ayika's motion seeking a refund of fees paid to his former defense counsel. § 3161(h)(1)(A), (C), (D), (7)(A). Based on our calculations, only fifty-five non-excludable days elapsed for purposes of the Speedy Trial Act prior to Ayika's trial. As there was no Speedy Trial Act violation, Ayika cannot meet either prong of the ineffective-assistance test. *See Strickland*, 466 U.S. at 688, 694; *Clark v. Thaler*, 673 F.3d 410, 429 (5th Cir. 2012).

Accordingly, the district court's judgment is AFFIRMED.