# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60427
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2025

Lyle W. Cayce
Clerk

Luis Mario Guzman-Flores,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A036 998 961

———————————————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Luis Mario Guzman-Flores, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) denying his motion to reopen his immigration proceedings based on his former counsel's ineffective assistance. The BIA determined that Guzman-Flores failed to demonstrate that his former counsel was ineffective, and he was not

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

entitled to equitable tolling of the 90-day limitations period for filing a motion to reopen.

We review motions to reopen under "a highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017) (internal quotation marks and citations omitted). A motion to reopen generally must be filed within 90 days of the entry of the final order of removal, but the 90-day deadline is subject to equitable tolling. *See* 8 U.S.C. § 1229a(c)(7)(C); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016). Equitable tolling may be granted only if the alien demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 344 (internal quotation marks and citation omitted). Ineffective assistance of counsel may constitute an extraordinary circumstance justifying equitable tolling of the deadline for seeking reopening. *Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018).

To have a case reopened due to ineffective assistance of counsel, an alien must meet the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and "must also show that counsel's actions were prejudicial to his case." *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). To establish prejudice, Guzman-Flores must show "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Diaz*, 894 F.3d at 228 (quoting *Strickland v. Washington*, 466 U.S. 668, 691, 694 (1984)).

Guzman-Flores does not address the BIA's determination that his former counsel did not render ineffective assistance because his concession to the immigration judge that Guzman-Flores's drug possession conviction was an aggravated felony conviction for immigration purposes was correct under controlling law at the time of the proceedings. By failing to identify

any errors in the BIA's analysis, he has abandoned the issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (applying *Brinkmann* in the immigration context). In any event, at the time of Guzman-Flores's January 2004 proceedings before the immigration judge and the BIA's January 2005 summary dismissal of his appeal, his drug possession conviction was an aggravated felony conviction under the Immigration and Nationality Act (INA). *See United States v. Hernandez-Avalos*, 251 F.3d 505, 507-08 (5th Cir. 2001); *United States v. Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997), *abrogated by Lopez v. Gonzales*, 549 U.S. 47, 60 (2006). Further, Guzman-Flores's argument that his former counsel's actions were prejudicial because he could have had more time to "keep his case alive" until the Supreme Court's December 2006 decision in *Lopez*, which held that simple drug possession no longer qualified as an aggravated felony under the INA, is unavailing. *See* 549 U.S. at 52-60; *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009).

Guzman-Flores has thus failed to demonstrate ineffective assistance of counsel. *See Mai*, 473 F.3d at 165. As such, his challenges to the BIA's determination that he failed to meet both prongs of the equitable tolling test for his motion to reopen based on ineffective assistance of counsel are likewise unavailing. *See Diaz*, 894 F.3d at 228; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). The BIA therefore did not abuse its discretion in denying the motion to reopen. *See Gonzalez-Cantu*, 866 F.3d at 304.

The petition for review is DENIED.